IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 22, 2006 Session

## LAURA D. BLEDSOE v. BRIAN KEITH KERPER

**Direct Appeal from the Juvenile Court for Shelby County**
**No. J3706     George E. Blancett, Special Judge**

_____

**No. W2006-00117-COA-R3-JV - Filed July 3, 2006**

_____

Father appeals the order of the Juvenile Court of Memphis and Shelby County setting child support and retroactive child support. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Brian K. Kerper, *Pro Se*.

Laura D. Bledsoe, *Pro Se.*

**MEMORANDUM OPINION[1]**

    This appeal arises from an order of the Juvenile Court of Memphis and Shelby County setting child support and retroactive child support. Brian Keith Kerper (Mr. Kerper) and Laura D. Bledsoe (Ms. Bledsoe) are the unmarried parents of TWB, a minor child born in 1990. In July 2005, Ms. Bledsoe filed a petition to establish paternity in the juvenile court. In her petition, she prayed the court to establish that Mr. Kerper was the natural father of TWB, for child support and back child

_____

[1]**RULE 10. MEMORANDUM OPINION**

    This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

support, and for other orders as the court deemed proper.[2] Mr. Kerper declined DNA testing and was found the natural father of TWB by the juvenile court referee on October 4, 2005. The October 4 recommendation of the referee included a recommendation that the case be continued to December 6, 2005, to afford Mr. Kerper an opportunity to provide copies of other child support orders. Mr. Kerper failed to appear at the December 6 hearing. On December 6, 2005, the trial court entered an order setting child support in the amount of $656.00 per month and retroactive child support in the amount of $120,704.00, payable in monthly installments of $500.00 per month. Mr. Kerper filed a timely notice of appeal to this Court. We affirm.

## *Issue Presented*

The issue presented, as we reword it, is whether the trial court erred in setting Mr. Kerper's prospective and retroactive child support obligation.

## *Analysis*

Mr. Kerper asserts the trial court erred in setting his prospective and retroactive child support obligations because the order does not take into account child support he has been paying to two women with whom he has other children. Specifically, Mr. Kerper asserts in his brief to this Court that he is "paying a current child support order" in the amount of $700.00 to the mother of one child, and "paid"[3] another woman $200.00 per month in child support from 1989 to 1997. Mr. Kerper also asserts in his brief that he was unable to attend the December 6 hearing because his son was hospitalized in Georgia as a result of a bicycle accident.

The record before us includes no transcript or statement of the evidence. Additionally, as far as we can ascertain from the record, Mr. Kerper did not move the court for a continuance on December 6, nor has he filed a motion for relief from the judgment. In the absence of a transcript or a statement of the evidence, we generally presume that, had it been preserved, the record would have contained sufficient evidence to support the trial court's decision. *Tallent v. Cates*, 45 S.W.3d 556, 562 (Tenn. Ct. App. 2000). Insofar as the trial court's judgment may be considered a default judgment, Mr. Kerper has not filed a motion for relief from the judgment under Tennessee Rule of Civil Procedure 59 or 60. We affirm.

---

[2] It appears that Ms. Bledsoe filed a previous petition to establish parentage in August 1999 through TCSES. It is unclear from the record whether this claim was prosecuted.

[3] It is unclear whether Mr. Kerper contends that he was under court order to pay this child support amount.

*Holding*

In light of the forgoing, we affirm the judgment of the trial court. Costs of this appeal are taxed to Appellant Brian Keith Kerper.

_____

DAVID R. FARMER, JUDGE